# THE TOLEDO, WABASH AND WESTERN RAILWAY COMPANY

*v.*

# STEPHEN GREEN.

1. ABATEMENT OF PRIVATE NUISANCE. Where a hedge planted by the owner on his own land is suffered to grow and extend over the right of way of a railway company so as to obstruct it, the company will have the clear right, and it is their duty, to trim such hedge, doing no unnecessary damage.

2. CONTRACT—*to purchase hedge as inferred from acts of ownership.* Where the owner of land adjoining a right of way of a railway company set out and raised a hedge upon his own land, but near to the right of way, before any law requiring railway companies to fence their road, and the company, with the assent of the owner, had the same trimmed, on the assumption that it obstructed their right of way, in a suit by the owner to recover the value of the hedge, on the ground of a sale and purchase, where no grant of the realty had been made and no express contract was shown: *Held,* that the acts of the company did not establish the fact of a purchase, as they were susceptible of a different explanation.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, by Stephen Green against the Toledo, Wabash and Western Railway Company. The facts of the case appear in the opinion of the court.

Messrs. HAY, GREENE & LITTLER, and Mr. WILLIAM H. BARNES, for the appellant.

Mr. THOMAS G. TAYLOR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is admitted that appellee is entitled to recover for a certain number of rods of corduroy fence, and a small amount for repairing fence, as per contract, but the controversy is in

regard to a hedge fence which it is claimed appellant purchased of him.

There is no serious dispute in the evidence as to the facts. At a date anterior to the passage of any law requiring railroad companies to construct and maintain fences on either side of the right of way, appellee had planted a hedge near the line of the right of way of appellant's road, but still on his own land. The hedge had grown to such proportions it in some degree obstructed the right of way, at least the company thought it did, and desired to have it trimmed, and sent the hands to do the work.

In case the hedge had grown over the right of way, so as to obstruct it, the company would have the clear right, and it would be their duty, to trim it, doing no unnecessary damage.

There is no express contract of purchase proven, but it is said the company took possession of the hedge, and did other acts from which a contract might be inferred.

The hedge stands upon the land of appellee, and it is not perceived how the company could take possession of it without a grant of the realty, and there is no pretense that the land itself has been conveyed to it. The acts done by its agents were done by the consent of appellee, and do not establish the fact of a purchase. All the acts proven are susceptible of another explanation, and it is difficult to comprehend how a contract of sale can be inferred from them.

After a careful consideration of the evidence, we are of opinion that it fails to sustain the verdict to the extent found by the jury. It is so palpably against the weight of the evidence, as to the right of appellee to recover for the value of the hedge as on a contract of sale, that we deem it unnecessary to comment on the instructions given at the trial.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*